**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| In Re: EASTERN LIVESTOCK CO., LLC, )<br><br>BLUEGRASS STOCKYARDS, LLC, )<br>BLUEGRASS STOCKYARDS OF )<br>CAMPBELLSVILLE, LLC, )<br>BLUEGRASS STOCKYARDS EAST, LLC, )<br>BLUEGRASS-MAYSVILLE )<br>STOCKYARDS, LLC, )<br>BLUEGRASS STOCKYARDS OF )<br>RICHMOND, LLC, BLUEGRASS SOUTH )<br>LIVESTOCK MARKET, LLC, ALTON )<br>DARNELL, EAST TENNESSEE )<br>LIVESTOCK CENTER, INC., PIEDMONT )<br>LIVESTOCK COMPANY, INC., MOSELEY )<br>CATTLE AUCTION, LLC, )<br>SOUTHEAST LIVESTOCK EXCHANGE, )<br>LLC, )<br>)<br>     Appellants, )<br>)<br>   v. )<br>)<br>JAMES A. KNAUER Chapter 11 Trustee, )<br>)<br>)<br>)<br>) | Case No. 4:12-cv-00126-TWP-WGH |

<u>**ENTRY ON MOTION TO DISMISS**</u>

This matter is before the Court on Appellee James A. Knauer's ("the Trustee") Motion to Dismiss the Appeal of Certain Appellants (Dkt. 27) and Motion to Amend/Correct the Motion to Dismiss (Dkt. 42). This appeal from the Bankruptcy Court was originally filed by Alton Darnell, East Tennessee Livestock Center, Inc., Piedmont Livestock, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle Auction, LLC, Bluegrass Maysville Stockyards, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC, and Bluegrass Stockyards, LLC

(collectively, "Appellants"), challenging the Bankruptcy Court's order denying their motion to remove the Trustee. (Dkt. 1).  The Trustee moved to dismiss only Appellants Alton Darnell, East Tennessee Livestock Center, Inc., Piedmont Livestock, Inc., Southeast Livestock Exchange, LLC, and Moseley Cattle Auction, LLC, and anticipated settlement with the other six appellants involved in this appeal (Dkt. 27).   Appellants Bluegrass Maysville Stockyards, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC, and Bluegrass Stockyards, LLC ("the Bluegrass Appellants") and the Trustee filed a Stipulated Motion for Dismissal of the Bluegrass Appellants, which was granted by this Court on June 24, 2013.  Dkts. 47-48.  Because the Bluegrass Appellants have been dismissed from this appeal, the Trustee's Motion to Amend/Correct its Motion to Dismiss (Dkt. 42) is **DENIED as moot**.  For the reasons set forth below, the Court **GRANTS** the Trustee's Motion to Dismiss with respect to the remaining Plaintiffs.

## I.    <u>BACKGROUND</u>

The underlying Chapter 11 bankruptcy case arises from an involuntary petition filed in December 2010 against Eastern Livestock Co., LLC ("Eastern Livestock").  Eastern Livestock was a cattle dealer headquartered in New Albany, Indiana.  The bankruptcy petition was filed after Eastern Livestock's principal owner and CEO, as well as other officers, plead guilty and were convicted of crimes, including theft, in connection with a check-kiting scheme and other actions.

The Bankruptcy Court appointed James A. Knauer as trustee shortly after the involuntary petition was filed. Mr. Knauer is a lawyer and partner in the Indianapolis law firm Kroger,

Gardis & Regas, LLP ("KGR"), and has previously served as a bankruptcy trustee in prior proceedings in the Southern District of Indiana.

Eastern Livestock's principal lender was Fifth Third Bank ("Fifth Third"), which provided a revolving line of credit evidenced by a promissory note and secured pursuant to a security agreement and other loan documents, giving Fifth Third a security interest in generally all of Eastern Livestock's assets. Wells Fargo Business Credit, Inc. ("Wells Fargo BC") entered into a participation agreement with Fifth Third by which Wells Fargo BC obtained an undivided fractional participation interest in Fifth Third's loan to Eastern Livestock, capped at $10 million. As outlined in the loan documents, the participant has no direct claim against Eastern Livestock, no interest in the collateral, and no authority over administering or managing the loan. The participation agreement explicitly states that the participant has no standing in any bankruptcy proceeding in which Eastern Livestock is the debtor, nor does it have the right to assert any claim against Eastern Livestock or enforce any lien rights against the collateral.

In his application to be appointed trustee, Mr. Knauer disclosed that his law firm then represented Fifth Third in five open matters, but that none related to Eastern Livestock or the Chapter 11 case. Mr. Knauer obtained consent and a conflict waiver from Fifth Third authorizing him to serve as trustee, notwithstanding the past and existing representation of Fifth Third by KGR. The conflict waiver permitted Mr. Knauer to be adverse to Fifth Third and to commence actions against Fifth Third on behalf of the bankruptcy estate.

Mr. Knauer submitted an Affidavit of Disinterest with his trustee application, stating that he had no connections with any debtors, creditors, or other parties in interest other than those disclosed on the affidavit. On December 27, 2010, the day the Bankruptcy Court approved the appointment of Mr. Knauer as trustee, he became aware that Wells Fargo BC or another affiliate

of Wells Fargo & Company was a participant in the Fifth Third loan (the "Wells Participant).[1] Mr. Knauer and his law firm were representing Wells Fargo Bank NA in a Chapter 11 case then pending in the Bankruptcy Court, and in related litigation pending in the District Court. Other than that representation, Mr. Knauer has not represented any Wells Fargo entity for the previous three years. Mr. Knauer did not believe that there was any conflict between the Wells Participant in the Fifth Third loan and KGR's representation of Wells Fargo in this matter, because he concluded that the participant in the loan was not a party in interest or creditor in the Eastern Livestock Chapter 11 case based upon the terms of the participation agreement. Nevertheless, Mr. Knauer obtained a conflict waiver through Wells Fargo's conflict counsel allowing him to become directly adverse to any Wells Participant in the Fifth Third loan.[2] Mr. Knauer did advise the Bankruptcy Court of KGR's relationship with Wells Fargo, but the Affidavit of Disinterest does not mention Wells Fargo or the Wells Participant. No Wells Fargo entity has asserted any proof of claim, nor does the Fifth Third proof of claim purport to assert any claim on behalf of the Wells Participant. No lawyer has filed a formal appearance in the Chapter 11 case on behalf of the Wells Participant or any Wells Fargo entity.

On July 10, 2012, the Appellants moved to remove the Trustee pursuant to 11 U.S.C. § 324. First Bank and Trust Company filed a similar motion the same day. The motions asserted three bases for removal of the Trustee, including 1) failure to disclose KGR's representation of Wells Fargo; 2) the Trustee is not disinterested because of KGR's representation of Wells Fargo; and 3) the Trustee has done something wrong or has wrongly engendered animosity or "discord"

---

[1] Wells Fargo BC is identified as the owner of the participation in the participation agreement. At some point, Wells Fargo BC was either merged into another Wells Fargo entity or the participation was assigned or sold to another Wells Fargo affiliate.

[2] The conflict waiver is not specific to any particular Wells Fargo entity or affiliate. Wells Fargo's company policy requires such ambiguity in conflict waivers executed for the benefit of its outside counsel, as there are dozens, if not hundreds, of subsidiaries and affiliates of Wells Fargo & Company. Dkt. 8-18 at 5 n.4.

among Eastern Livestock's creditors which will interfere with the appropriate resolution of the Chapter 11 case. Dkt. 8-18 at 9.

The Bankruptcy Court held a hearing on August 20, 2012, and denied the motions in a ruling issued on August 31, 2012. The Bankruptcy Court found that relief was not warranted based upon the record of this case because the Trustee's representation of Fifth Third was fully disclosed, the Trustee is disinterested as defined in 11 U.S.C. §101(14), and the Trustee has no connection with Eastern Livestock and holds no interest adverse to the estate or any class of creditor or security holders. The Bankruptcy Court also concluded that the Trustee was not constrained from bringing any action against Fifth Third or the Wells Participant if he deemed it proper to do so. The Bankruptcy Court indicated its view that a secondary participant in a loan, such as Wells Fargo BC or its assignee, is neither a creditor nor a party in interest in a bankruptcy case, so the Trustee had no duty to disclose his past representation of an affiliated Wells Fargo entity. The Bankruptcy Court also noted the advanced posture of the case, including a potentially impending distribution to unsecured creditors, and noted that granting the motion to remove the Trustee would delay the opportunity for creditors to consider and vote on a Chapter 11 plan, and ultimately the distribution of the assets to the creditors.

## II.   LEGAL STANDARD

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees; . . . and . . . with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges entered in cases." 28 U.S.C. § 158(a). Final orders subject to 28 U.S.C. § 158(a)(1) are immediately appealable as a matter of right, while interlocutory orders subject to 28 U.S.C. § 158(a)(3) may only be appealed with leave of the district court. "The distinction between appeals from final orders and interlocutory orders is

important, as interlocutory appeals are granted at the discretion of the district court and are not a right of the appellant." *Dempsey v. McCarthy*, No. 09 C 7949, 2010 WL 918083, at *1 (N.D. Ill. Mar. 10, 2010) (citing *In re Huff*, 61 B.R. 678, 682 (N.D. Ill. 1986)).   Certification by the bankruptcy court is not required for the district court to have jurisdiction over the bankruptcy court's rulings under 28 U.S.C. § 158(a)(3).   *In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir. 1989).   "Interlocutory appeals are to be granted sparingly for exceptional circumstances where a review can materially advance the litigation."   *Dempsey*, 2010 WL 918083, at *3 (citations omitted).

## III.  <u>DISCUSSION</u>

### A.     Standing

The Trustee argues that the Appellants lack standing to appeal the order denying the motion to remove the Trustee, asserting that the Appellants cannot show that they have a pecuniary interest in removing the Trustee.   "Only a 'person aggrieved' has standing to appeal an order of the bankruptcy court." *In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010) (quoting *In re Schultz Mfg. & Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992) (additional citations omitted). Prerequisites for being a "person aggrieved" are attendance and objection at a bankruptcy court proceeding.  *Id.*

The Appellants have satisfied the first prerequisite for being "persons aggrieved" by filing the motion to remove the Trustee in the Bankruptcy Court.  Secondly, the Appellants, as creditors, have standing to challenge the actions of the Trustee, as "[t]he trustee represents not only the rights of the debtor but also the interests of creditors of the debtor . . . and the trustee may have to respond to attacks by individual creditors."  *Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1342 (7th Cir. 1987).  Decisions by the Trustee, such as collecting

6

assets, settlements, and the decision to institute adversary proceedings, directly affect the rights and pecuniary interests of the Appellants as creditors. Therefore, the Court finds that the Appellants have standing to bring this appeal.

**B.    Final vs. Interlocutory Order**

The Trustee asserts that this appeal should be dismissed because the Bankruptcy Court's denial of the motion to remove the Trustee is interlocutory, thus the Court lacks jurisdiction. The Appellants argue that an order denying a motion to remove the bankruptcy trustee is a final order over which this Court has jurisdiction under 28 U.S.C. § 158(a)(1). The Appellants cite to *Schultz* to support their argument that the Seventh Circuit has determined that a bankruptcy court order denying a motion to remove a Chapter 7 trustee is a final and appealable order under 28 U.S.C. § 158(a)(1).

Although the Appellants assert that the *Schultz* case "clearly indicat[es] its view that such orders are final and appealable," Dkt. 36 at 8, the Seventh Circuit has rejected the notion of implicit precedence on the issue of jurisdiction. "When a court resolves a case on the merits without discussing its jurisdiction to act, it does not establish a precedent requiring similar treatment of other cases once the jurisdictional problem has come to light." *Jezierski v. Mukasey*, 543 F.3d 886, 888 (7th Cir. 2008). As pointed out by the Appellants themselves, the court in *Schultz* decided the case "without comment on whether it could exercise jurisdiction over the appeal," Dkt. 36 at 8, and neither the parties nor the Court of Appeals raised the issue of whether the district court had jurisdiction. Likewise, in a second case cited by Appellants, *In re M & S Grading, Inc.*, 541 F.3d 859, 867 (8th Cir. 2008), the Eight Circuit also reviewed the denial of a motion to remove the trustee without discussing jurisdiction, and the only other cases that the Appellants rely upon to support their argument that the Bankruptcy Court's order is final

and appealable all rely upon *Schultz*.  *See, e.g.*, *In re Kyung Sook Kim*, 433 B.R. 763, 774 (D. Hawaii 2010); *In re AFI Holding, Inc.*, 530 F.3d 832, 837 (9th Cir. 2008); *In re Miller*, 302 B.R. 705, 709 (10th Cir. B.A.P. 2003).  The Appellants cite to no authority that explicitly states that an order denying removal of a trustee is a final order appealable as a matter of right under 28 U.S.C. § 158(a)(1), and the Court finds that there is no binding authority for such a conclusion.

The Court finds the authority cited by the Trustee to be persuasive.  The Ninth Circuit, in a case decided subsequent to the district court cases from the Ninth Circuit cited by Appellants, held that an order denying removal of a trustee is not an appealable final order.  *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012).  In *SK Foods*, the Ninth Circuit had to determine whether the district court's order affirming the bankruptcy court's denial of a motion to remove a trustee was a "final order" such that the court of appeals had jurisdiction.  "A bankruptcy court order is considered final 'where it 1) resolves and seriously affects substantive rights and 2) finally determines the discreet issue to which it is addressed.'"  *Id.* (quoting *In re AFI Holding*, 530 F.3d at 836).  The Ninth Circuit determined that a bankruptcy court's order denying removal of a trustee is not final because it neither resolves nor seriously affects substantive rights, nor finally determines the discrete issue to which it is addressed, since the trustee could be removed at any time.  *SK Foods*, 676 F.3d at 802.  The *SK Foods* court also made the distinction between the finality of an order granting removal of a trustee, since that order would change the status quo of the bankruptcy proceedings, whereas a denial of a motion to remove the trustee preserves the status quo.  *Id.* (citing *AFI Holding*, 530 F.3d at 837).  "Moreover, if a party could file an interlocutory appeal every time he tried unsuccessfully to remove a trustee, he could bring the litigation to a never-ending standstill."  *Id.*  The court also distinguished the *Schultz* decision cited by *AFI Holding*, pointing out that *Schultz* did not specifically address the issue of whether

8

the denial was an appealable final order, thus finding it was not persuasive authority on this point. *Id.* at 802 n.1. Therefore, since an order denying removal of the trustee preserves the status quo and may be later revisited, the Court agrees with the analysis in *SK Foods* and concludes that such an order is not a final order subject to 28 U.S.C. § 158(a)(1).

Alternatively, the Appellants argue that the Court should exercise jurisdiction over their appeal under the "collateral order doctrine" set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). The collateral order exception to the finality rule is only appropriate for a small class of prejudgment orders that finally determine claims of right "which [are] not an ingredient of the cause of action and does not require consideration with it." *Id.* at 546–7. Under this doctrine, an interlocutory order is immediately appealable as a final order if it: (1) conclusively determines a disputed question; (2) resolves an important issue completely separate from the merits of the action; (3) is effectively unreviewable on appeal from a final judgment; and (4) is too important to be denied review. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (citations omitted); *Simmons v. City of Racine, Police & Fire Comm'n*, 37 F.3d 325, 327 (7th Cir. 1994).

The order denying the motion to remove the Trustee does not rise to the level of an immediately appealable order under the *Cohen* collateral order doctrine. In order to determine the question as to whether the Trustee has acted improperly such that removal is warranted, the Court would be required to analyze the merits of the case in order to decide the appeal. The Court would have to look at the relationship between the Trustee and the creditors, as well as the Chapter 11 plan and the Fifth Third settlement, in order to determine whether he should have disclosed KGR's relationship with Wells Fargo in the Affidavit of Disinterest, whether he is "disinterested" based upon the circumstances surrounding the Wells Participant's involvement in

the Fifth Third Loan and KGR's representation of Wells Fargo, and whether the Trustee has acted in such a manner as to create discord among the creditors.  These are all factual determinations that are intertwined with the merits of the case, which does not satisfy the second prong of the *Cohen* test.

In addition, to show that an order is "effectively unreviewable," the Appellants must show that "an immediate appeal is required to ward off irreparable harm."  *In re Devleig, Inc.*, 56 F.3d 32, 34 (7th Cir. 1995).  The Chapter 11 plan has already been approved and a settlement has been reached with the debtor's major creditor, thus there would be little difference in the result by permitting the appeal to go forward now—and further delaying the bankruptcy case—versus waiting until final judgment has been entered in the Bankruptcy Court.  The Court finds that the *Cohen* collateral order doctrine does not apply, and the order denying removal of the Trustee is an interlocutory order.

## C.     Jurisdiction Over Interlocutory Appeal

Because the Court has determined that the order denying the motion to remove the Trustee is an interlocutory order, the next question is whether the Court should exercise its discretion to grant leave to the Appellants go forward with their appeal.  28 U.S.C. § 158(a) confers jurisdiction on district courts to hear appeals from final and interlocutory orders of bankruptcy courts, but "a party does not have an absolute right to take an interlocutory appeal from the bankruptcy court. . . .  Instead, the party must seek the leave of the district court."  *In re Salem*, 465 F.3d 767, 774 (7th Cir. 2006) (*citing* 28 U.S.C. § 158(a)(3)); *see also In re Jartran, Inc.*, 886 F.2d at 866 ("interlocutory appeals are to be taken 'with leave of the court'—obviously, the district court"); *Mitsubishi Int'l Corp. v. Prepetition Senior Lenders*, No. IP 00-1468-C H/G, 2000 WL 1902188, at *1 (S.D. Ind. Dec. 19, 2000) (interlocutory appeals may proceed with

leave of the district court).  Thus, the Appellants may proceed with their appeal only if this Court grants them leave to do so, and they have the burden to demonstrate that "exceptional circumstances" warrant such leave.  *See In re National Steel Corp.*, No. 05–C–3362, 2005 WL 2171169, at *3 (N.D. Ill. Aug. 31, 2005) ("[A] district court has discretion to accept or not to accept an appeal from a bankruptcy court's interlocutory order"); *In re Kmart Corp.*, No. 04–C–4978, 2004 WL 2222265, at *1 (N.D. Ill. Oct. 1, 2004) ("A court will not grant leave to appeal an interlocutory order absent 'exceptional circumstances.'").

No guidance is provided under 28 U.S.C. § 158(a)(3) as to when a district court should exercise such discretionary jurisdiction, and other district courts have looked to 28 U.S.C. § 1292(b) and cases construing it for guidance as to how they should exercise their discretion in such cases.  *See, e.g.*, *Dempsey*, 2010 WL 918083, at *2; *In re Capen Wholesale, Inc.*, 184 B.R. 547, 549 (N.D. Ill. 1995).  Courts applying the standard set forth under § 1292(b) in bankruptcy appeals have adopted its three part test.  Under the three part test, an interlocutory appeal is appropriate when it:  (1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  *See* 28 U.S.C. § 1292(b); *In re Capen Wholesale, Inc.*, 184 B.R. at 549.

The Appellants have not shown that this case involves a controlling question of law as to which there is substantial ground for difference of opinion, and exercising the Court's discretion to hear this interlocutory appeal would not materially advance the litigation.  "Controlling question of law" has been interpreted by the Seventh Circuit to be a "pure" question of law, "something the court of appeals could decide quickly and cleanly without having to study the record" in order to resolve factual disputes.  *Arenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d

11

674, 676-77 (7th Cir. 2000).  The decision to remove a bankruptcy trustee is not an abstract issue of law.  The Appellants are not asking the Court to interpret or clarify a legal principle; rather, they are asking this Court to review the factual evidence to determine whether the Trustee is "disinterested" as defined in the bankruptcy code and whether he acted to create discord among the creditors.  The parties do not differ as to what controlling law applies; they simply disagree on the Bankruptcy Court's application of the law to the specific facts in this case.  Removal of a trustee "is an extreme remedy, committed to the sound discretion of the bankruptcy court."  *In re Gunartt*, 355 F. App'x 66, 68 (7th Cir. 2009).  The Court has a deferential standard of review of the Bankruptcy Court's findings of fact, and the Appellants are essentially asking the Court to disturb those findings, not decide a question of law.

Additionally, the Court's decision to exercise jurisdiction over this interlocutory appeal would not materially advance the ultimate termination of the litigation, and may do just the opposite.  The current Trustee had already been serving for nineteen months and had recovered millions of dollars by the time the Bankruptcy Court issued its original ruling denying the Appellants' motion to remove the Trustee, and the case has undoubtedly progressed even further in the past several months since the Bankruptcy Court's decision.  Dkt. 8-18 at 8.  The Chapter 11 plan was approved in July 2012 (Dkt. 7-24), and settlements have been reached between the estate and the debtor's principle lender, Fifth Third Bank.  The alleged harm sought to be avoided would necessarily require "undoing" those actions—to the extent that a new trustee would even be able or willing to do so—and would only serve to prolong the case and delay the ultimate distribution of assets.  In weighing all of the factors under 28 U.S.C. § 1292(b), the Court finds it would not be in the interest of justice for the Court to exercise jurisdiction over the Appellant's interlocutory appeal.

## IV.  **CONCLUSION**

For the reasons set forth above, the Court declines to grant the Appellants leave to appeal the order denying the motion to remove the Trustee; therefore, because the Court lacks jurisdiction over the Appellants' interlocutory appeal, the Trustee's motion to dismiss is **GRANTED**.  Appellant's appeal is **DISMISSED**.

**SO ORDERED**.

Date: _____
08/20/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Amelia Martin Adams
DELCOTTO LAW GROUP PLLC
aadams@dlgfirm.com

Laura Day Delcotto
DELCOTTO LAW GROUP PLLC
ldelcotto@dlgfirm.com

Wendy Wright Ponader
FAEGRE BAKER DANIELS LLP
wendy.ponader@faegrebd.com

Dustin R. DeNeal
FAEGRE BAKER DANIELS LLP -
Indianapolis
dustin.deneal@faegrebd.com

Harmony A. Mappes
FAEGRE BAKER DANIELS LLP -
Indianapolis
harmony.mappes@faegrebd.com

Jon  Laramore
FAEGRE BAKER DANIELS LLP -
Indianapolis
jon.laramore@faegrebd.com

Kevin Morris Toner
FAEGRE BAKER DANIELS LLP -
Indianapolis
kevin.toner@faegrebd.com

Terry Elizabeth Hall
FAEGRE BAKER DANIELS LLP -
Indianapolis
terry.hall@faegrebd.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Sean T. White
HOOVER HULL LLP
swhite@hooverhull.com

13